Grover, J.
There was no proof of a marriage of the plaintiff subsequent to the death of her husband, the father of her daughter Sarah E. Fleet, nor any suggestion of such marriage upon the trial. No question in relation to the effect of such a marriage having been then made none can be made in this court.
The only question arising upon the exceptions taken is, whether the mother of a minor daughter, whose father is dead, seduced while in the employment of another, under an agreement made by the mother, the daughter receiving the pay for her services and applying it to her own use with the assent of the mother, the daughter returning to the mother after such seduction, by whom she is taken care of during her confinement and who pays the expenses thereby incurred, can maintain an action against the seducer for the injury. An examination shows that there is great conflict in the authorities upon this question; the weight of the authority in this State sustaining the right of the mother, while the cases in the English courts and in some of the States of this country hold a contrary doctrine. In Sargent *438 v. Dennison (5 Cow., 106); Gray v. Durland (50 Barb., 100); Simpson v. Buck (5 Bans., 337); Damon v. Moore (id., 454), it was held by the Supreme Court of this State that the mother could maintain the action under such circumstances. I am not aware of any decision to the contrary by that court. The question has never been determined by the court of last resort, but must be in the present case. A discussion of the cases pro and con is unnecessary, as this has been very well done by Miller, J., in Gray v. Durland (50 Barb., 100), who gave the opinion of the court in favor of the right of the mother, and by Hogeboom, J. (id., 211), who gave a dissenting opinion in the same case. In these opinions numerous authorities are cited and somewhat exhaustively considered. A perusal of these opinions shows that many authorities may be cited upon both sides. I shall content myselt with a brief statement of the grounds upon which I think the action may and should be maintained.
It is well settled that the father of a minor daughter, seduced while in the service of another, may maintain an action for the injury provided he retains the right of recalling her into his service. It follows that a mother has the same right provided she has the right to the services of the daughter; one ground for maintaining the action being a real or supposed loss of services of the daughter. To sustain the action upon this ground, the relation of master and servant must in fact exist between the plaintiff and the female seduced, or constructively, by the plaintiff having the right to her services. It is V insisted by the counsel for the defendant that a mother has no legal right to the services of her minor children after the death of the father, that the law gives this right to the father only. In Bentley v. Richtmyer (4 Comst., 38) Bronson, J., says in his opinion that the mother has no such right; but the question was not involved in the case. In In Re Ryder (11 Paige, 185) Chancellor Walworth says that the mother has this right. The determination of the question was not necessary to a disposition of the case. When two such jurists are in direct conflict upon the question, it may be regarded as *439 an open one, to be considered upon principle. To arrive at a correct conclusion it is necessary to inquire into the basis of the father’s right to the services of his minor children. This is derived from the obligation the law imposes upon him to maintain, educate and protect the child during infancy and-early youth, and continues until the child is in a condition to provide for its own maintenance. The law has determined that he is so capable upon attaining the age of twenty-one years. The common law imposed no obligation upon the parent to maintain the child after it attained maturity, so as to be able to provide for itself; but that matter in England and this country is regulated by statute. To the credit of mothers it may be remarked that little will be found in the books in relation to enforcing the duty of taking care of their infant children after the death of the father, owing, doubtless, to the fact that the strong maternal affection provided by nature has been adequate to secure the performance of this duty. That it is a legal duty is, nevertheless, declared by - elementary writers. (Kent’s Com., 188, 189.) Again (225), it is said that the father, and on his death the mother, is generally entitled to the custody of infant children, inasmuch as they are their natural protectors, for maintenance and education. At page 190 it is said that the father is bound to support his minor children if he be of ability, even though they have property of their own. But this obligation in such a case does not extend to the mother; and the rule as to the father has become relaxed; thus clearly implying the legal duty of the mother to support her infant offspring, if of ability, and the latter have not the means of providing for their own support. That parents are bound to provide for and maintain their infant offspring results from the law of nature, and is enforced upon both according to their ability; primarily, during their joint lives, upon the father, he generally having more ample means applicable to the purpose; but after the death of the father the same law casts this duty solely upon the mother, who must, if of sufficient ability, maintain, educate and take care of her infant children. As *440 a result of this obligation, she is entitled to the custody and control of such children; succeeding in this respect, not only to the obligations and duties primarily resting upon the father during life, but also to his right of custody and control and to the services of the children. As above remarked, the authorities upon the question were thoroughly considered in the opinions in Gray v. Durland (50 Barb., 100). The effect of a subsequent marriage of the mother upon her obligations and duties to the children, and her right to their custody and services, is not involved in the case and will not be considered. The plaintiff being entitled to the services of her infant daughter, the action can be maintained upon the .ground of loss of service.
But there is another ground upon which I think the action ■may be maintained. Both father and mother are, by statute, -made liable for the support of their indigent children, •irrespective of their age. Sarah Fleet was able to, and, as ‘the case shows, did, prior to the injury, earn her own support. In consequence of the injury she became unable to do ¡this, and the plaintiff as her mother did for a time provide for and take care of her, presumably, in performance of the obligation imposed upon her by law. Thus, the wrongful act of the defendant resulted in a direct pecuniary injury to the plaintiff, for which the law gives her a right of action against him. I can see no reason why the action should not be maintained equally upon this ground as upon a loss of service.
My conclusion is that the judgment should be affirmed, with costs,