THE PIONEER FIREPROOF CONSTRUCTION COMPANY

*v.*

LOUISE HANSEN.

*Opinion filed October 24, 1898—Rehearing denied December 8, 1898.*

1. APPEALS AND ERRORS—*one not objecting to court's action acquiesces therein.* One desiring to have the Supreme Court review the action of the trial court in instructing the jury to find his co-defendant in a joint action for negligence not guilty, should preserve the question by an appropriate objection and exception to the court's ruling.

2. CONTRACTS—*whether party is an independent contractor depends on the contract itself.* Whether one engaged in performing work under a written contract is an independent contractor, and, as such, liable for the negligent acts of his servants, is a question of law, to be determined by a construction of the contract itself.

3. MASTER AND SERVANT—*one does not become a master by retaining power to inspect work.* A building contractor who lets a portion of

the work to a sub-contractor does not, by retaining the power to inspect the work to see that it is honestly performed, become the master of the sub-contractor's employees, so as to be liable for their negligent acts.

4. SAME—*the power to discharge is essential to relation of master and servant.* One cannot be held liable as master, under the doctrine of *respondeat superior*, who does not have the power of discharging the party whose negligent act occasioned the injury.

5. SAME—*when contractor is not liable for negligence of sub-contractor's men.* A sub-contractor who furnishes the material to be used and retains direction and control over the work and the men he employs is liable for the negligent acts of the latter, under the doctrine of *respondeat superior*.

6. EVIDENCE—*testimony not shown to be relevant may be excluded.* In an action for the death of a person employed upon a building, occasioned by the falling of a piece of roof-tile, evidence tending to show the dangerous character of his employment, and that defendant had provided a shelter from falling tile, is properly excluded, in the absence of any offer to show that deceased was aware of the danger of his work, or that his duties were such as could be performed had he availed himself of the shelter provided.

*Pioneer Fireproof Const. Co.* v. *Hansen,* 69 Ill. App. 659, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an action for damages under the statute by Louise Hansen, as administratrix of the estate of her deceased husband, Oscar Hansen, against the George A. Fuller Company and the Pioneer Fireproof Construction Company. In February, 1892, the George A. Fuller Company was engaged, as general contractor, in erecting a fourteen-story building at 34 and 36 Washington street, Chicago. The deceased, Oscar Hansen, was an employe of the Fuller company. The Pioneer Fireproof Construction Company was employed by the Fuller company to fill in the floors and partitions with fireproof material, and to put on the tile roof.

The building faces north. Along the eastern side is an alley, in which material for the building was unloaded,

and from which, by means of a derrick placed on the roof, it was hauled up. Oscar Hansen was stationed in the alley, and, with another employe of the Fuller company, controlled the hoisting operation from that point. The material was loaded on a platform, called a "boat," five feet wide by seven feet long; this "boat" was then fastened to the rope of the derrick, and hauled up, until it was level with the roof; then the "boom," or arm of the derrick, over the end of which the hoisting rope passed, was raised, thus swinging the "boat" in until it was over the spot where it was to be landed, when it was lowered and guided to its resting place. This was done by the employes of the Fuller company. The tile was then unloaded by laborers paid by the fireproof company. At this particular time the roof was partly on, and the "boat" had to be pulled into a space left in the roof for a dormer window, the iron rafters slanting up on each side thereof. Running north and south on the floor, and near the slope of the roof, was a six-inch steam-pipe. When the loaded "boat" was hauled in through this hole in the roof, it was lowered and rested across this pipe. There was sufficient room where it could have been drawn in clear of this pipe. On the morning of February 15, 1892, a "boat" load was landed above and rested across the steam-pipe; thereupon the workmen began unloading the tile from the side nearest them, the inner side, and, after a certain quantity of tile had been removed from the inner side, the "boat" tilted across the steam-pipe and one or more of the tile slipped off, striking the steep roof, and thence fell down into the alley. A piece of tile struck Hansen on the head, and from the wound he died. At the close of the evidence the court instructed the jury to find the defendant, the George A. Fuller Company, not guilty. The case proceeded against the Pioneer Fireproof Construction Company, and the jury returned a verdict finding it guilty, and assessing the damages at $5000.00. Motion for a new trial was

overruled, and judgment was entered on the verdict. This judgment has been affirmed by the Appellate Court; and the present appeal is prosecuted from such judgment of affirmance.

BURNHAM & BALDWIN, for appellant:

If the general contractor retains the right to exercise control over the manner in which the work is to be done by the sub-contractor, then the doctrine of *respondeat superior* applies, and the sub-contractor is a servant and not an independent contractor, and, consequently, is not liable for the negligence of a laborer. Shearman & Redfield on Negligence, p. 278, par. 165, and p. 270, par. 161; *Murphey* v. *Carelli*, 3 H. & C. 461; *Blake* v. *Thirst*, 2 id. 20; *Linnehan* v. *Rollins*, 137 Mass. 123; *Clapp* v. *Kemp*, 122 id. 481; *Johnson* v. *Boston*, 118 id. 114; *Wilson* v. *White*, 71 Ga. 506; *Cincinnati* v. *Stone*, 5 Ohio St. 38; *Railroad Co.* v. *Hanning*, 15 Wall. 649; *Schwartz* v. *Gilmore*, 45 Ill. 455; *Railroad Co.* v. *McCarthy*, 20 id. 385; *Chicago* v. *Joney*, 60 id. 383; *Rait* v. *New England F. & C. Co.* 68 N. W. Rep. 729; *Jefferson* v. *Jameson & Morse Co.* 165 Ill. 138; *Chicago* v. *Dermody*, 61 id. 431; *Homan* v. *Stanley*, 66 Pa. St. 464.

There can be but one responsible superior for the same subordinate at the same time and in respect to the same transaction. *Blake* v. *Ferris*, 5 N. Y. 56; *Laugher* v. *Pointer*, 5 B. & C. 560; *O'Rourke* v. *Hart*, 7 Bosw. 511; *Stone* v. *Cartwright*, 6 T. R. 411.

If the plaintiff had knowledge of the danger, and continued to work there, exposing himself to the danger, it was strong evidence of contributory negligence. Beach on Cont. Negligence, 39, 40, 161; 1 Shearman & Redfield on Negligence, (4th ed.) 152, 360, 361; 2 id. 95; 4 Am. & Eng. Ency. of Law, 36; *Clayton* v. *Brooks*, 150 Ill. 97; *Carr* v. *Sheehan*, 81 Hun, 291; *Walker* v. *Lumber Co.* 86 Me. 192; *Railway Co.* v. *Pinchin*, 112 Ind. 592; *Goldstein* v. *Railway Co.* 46 Wis. 404; *Forks Township* v. *King*, 84 Pa. St. 230; *Rowell* v. *Railroad Co.* 64 Conn. 376.

SULLIVAN & McARDLE, for appellee:

He is to be deemed the master who has the supreme choice, control and direction of the servant, and whose will the servant represents, not merely in the ultimate result of his work, but in all its details.   Shearman & Redfield on Negligence, sec. 73.

The right to control the conduct of another implies the power to discharge him from service for disobedience, and accordingly the power to discharge is said to be the test by which to determine whether the relation of master and servant exists.   2 Thompson on Negligence, p. 892, sec. 12.

When the owner furnishes the material to be used, and retains direction of and control over the details of the work and the men employed, he is liable for negligence of the men employed.   *Jefferson* v. *Jameson & Morse Co.* 165 Ill. 138; *Pfau* v. *Williamson,* 63 id. 16; *Hale* v. *Johnson,* 80 id. 185.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The main contention of the appellant in this case is, that the court refused to give the fourth instruction asked by the appellant.   That instruction told the jury that, if they believed from the evidence, that the servants of the defendant, the Pioneer Fireproof Construction Company, were not left entirely free as to the manner of doing the work, in which they were engaged at the time the accident occurred, but that the George A. Fuller Company, as general contractor, retained control over them with the power to direct them in the manner of doing the particular work in which they were engaged, then the appellant was not guilty, and that the jury should so find by their verdict.   The point, made by the objection to the action of the court in refusing this instruction, is that the relation of master and servant existed between the George A. Fuller Company and the employes or servants

of the appellant.   On the other hand, the contention of appellee is, that the appellant was an independent contractor and liable for the negligent acts of its servants.

The action was a joint one for pecuniary damages to the wife and next of kin of Oscar Hansen, deceased, against the contractor, the George A. Fuller Company, and the sub-contractor, the Pioneer Fireproof Construction Company.   The declaration charges, that there was in course of erection a certain building on Washington street in Chicago, adjoining a public alley, and that the defendants were engaged in unloading a "boat" of tiles on the fourteenth floor thereof while the deceased was in this public alley.   The specific negligence charged in the declaration is, that the defendants carelessly and negligently unloaded said tiles from the "boat" or platform, on which they were elevated to the fourteenth floor of the building; and that, by reason of such negligence, part of the tiles fell from the "boat" upon the deceased, causing his death.   Pleas were filed by both defendants and trial was had thereon.   The Fuller company offered no evidence, but, at the close of the appellee's case, made a motion that the court instruct the jury to find defendant, the George A. Fuller Company, not guilty.   This motion was denied at that time, but was renewed at the close of the appellant's testimony; and, thereupon, the court instructed the jury that there was no evidence to support a verdict of guilty against the defendant, the George A. Fuller Company, and that the jury should find said defendant not guilty.   The present appellant made no objection to this motion or instruction, and took no exception to the giving of the instruction.   At the close of appellee's case, the appellant, the Pioneer Fireproof Construction Company, also moved the court to instruct the jury to return a verdict in its favor.   This motion was denied, and was not again renewed at the close of appellant's testimony.   No instructions were asked on behalf of the appellee, the plaintiff below.   But the appellant

asked the court to give, and the court did give, an instruction telling the jury that, in order to entitle the plaintiff below to recover damages from the defendant, the Pioneer Fireproof Construction Company, she must prove by a preponderance of the evidence that said defendant was guilty of the negligence charged against it in the declaration, and, at the same time, must also prove that the deceased, Oscar Hansen, was himself free from any negligence which contributed directly to his death. The court also instructed the jury, at the request of appellant, that, if they believed that the appellant was guilty of the negligence charged against it, and that the deceased was negligent in a manner directly contributing to the accident, then their verdict should be in favor of the appellant.

The George A. Fuller Company was the general contractor for the construction of the building; and a written contract was executed between the appellant, the Pioneer Fireproof Construction Company as parties of the first part, and the George A. Fuller Company as parties of the second part. By the terms of this contract the appellant was a sub-contractor under the George A. Fuller Company for the purpose of filling in the floors and partitions with fireproof material, and putting on a tile roof. Such portions of this contract as are material will be stated hereafter.

If the servants of appellant were, under this written contract, the servants of the Fuller company, so as to relieve appellant of liability, and cast the liability upon the Fuller company, then it was error in the court below to instruct the jury to find for the Fuller company, and thereby dismiss that company out of the case, which thereafter proceeded against the appellant alone. By allowing the motion of the Fuller company for a direction to the jury to find it not guilty, the trial court so construed the contract in question, as to hold that the servants of the appellant were not the servants of the Fuller

company. In other words, by dismissing the case as to the Fuller company the trial court held that the relation of master and servant did not exist between the Fuller company and the servants of the appellant, but that the appellant was an independent contractor liable for the negligent acts of its own servants. The appellant, by failing to object to the action of the court in instructing the jury to find the George A. Fuller Company not guilty, acquiesced in what the court did in that regard. If the appellant considered the instruction or ruling of the court dismissing the Fuller company out of the case detrimental to its rights and interests, it should have saved an exception to the action of the court. (*Dunham Towing and Wrecking Co.* v. *Dandelin,* 143 Ill. 409).

There was no evidence in the case, so far as we have been able to discover, upon which to base the fourth instruction asked by the appellant. There is no proof in the record, showing that any employe of the Fuller company had anything to do with the unloading of the "boat" containing the tiles. The employes of the appellant took the tiles from the "boat," and stacked them up. The evidence tends to show that, when these employes of the appellant stepped from the "boat" in carrying off a portion of the tiles, they tipped the "boat" in such a way as to cause the tiles remaining on the "boat" to slip off, and fall to the ground.

It is true, that the boom-derrick, which was used for elevating the material, belonged to the Fuller company, and was engaged in elevating the material not only for that company, but for all the sub-contractors engaged in the construction of the building. So far as the servants of the Fuller company hoisted appellant's tiles up to the roof of the building where they were landed, they were *ad hoc* merely the servants and employes of appellant. Where one of the crew of a vessel assisted a stevedore to unload the vessel, he was, as to his negligence, held

to be, not the servant of the vesselman, but of the stevedore. (*Murrie* v. *Currie*, L. R. 6 C. P. 24).

Whether or not the appellant was an independent contractor, liable for the negligence of its own servants, or whether the relation of master and servant existed between the contractor, the George A. Fuller Company, and the employes of the appellant, depends upon the construction of the written contract executed between the appellant and the Fuller company. The relation, in which the appellant stood to the Fuller company, is to be determined by the terms of that contract. The contract being in writing, its construction is a matter of law. (*Linnehan* v. *Rollins*, 137 Mass. 123).

He is the master who has the choice, control and direction of the servants. The master remains liable to strangers for the negligence of his servants, unless he abandons their control to the hirer. Control of servants does not exist, unless the hirer has the right to discharge them and employ others in their places. The doctrine of *respondeat superior* is applicable, where the person sought to be charged has the right to control the action of the person committing the injury. It follows, that the right to control the negligent servant is the test, by which it is to be determined whether the relation of master and servant exists; and, inasmuch as the right to control involves the power to discharge, the relation of master and servant will not exist, unless the power to discharge exists. (Shearman & Redfield on Negligence, secs. 160, 162; 2 Thompson on Negligence, p. 892, sec. 12; *Erie* v. *Caulkins*, 85 Pa. St. 247).

The first provision of the contract is, that "the contractors shall and will well and sufficiently perform and finish, under the direction and to the satisfaction of Holabird & Roche, architects (acting as agents of said owners), all the work," etc., specified. In the event of any doubt or question arising, reference was to be made to the architects. By the fifth provision of the contract the con-

tractors were required to permit the architects, and all persons appointed by the architects, to visit and inspect the work, or any part thereof, at all times and places during the progress of the same. By the fourth provision the contractors were required, within twenty-four hours after receiving notice from the architects, to proceed to remove from the ground or building all material condemned by them, or to take down all portions of the work which the architects should condemn. The twelfth clause provides that, should the contractors at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials of the proper quality, the owners were at liberty, after three days' notice, to provide such labor or material; and on the architects' certificate the owners were at liberty to terminate the contractor's employment and to employ any other person or persons to complete the work. It will be noticed that, by the terms of the contract, the Fuller company is spoken of as owner, although it was merely a contractor, and the appellant is spoken of as contractor. The foregoing provisions of the contract are those, upon which the appellant relies to establish the claimed relation of master and servant between the Fuller company and the appellant, or its employes. It is contended by the appellant, that these provisions of the contract show that the Fuller company had such right to control as indicated the existence of the relation of master and servant. As no part of the material or work was condemned by the architects, and as there was no refusal by the appellant to supply a sufficiency of properly skilled workmen or materials, it is not perceived how the fourth and twelfth clauses of the contract above referred to have any application. It remains, therefore, only to consider the first and fifth provisions referred to. These provisions do nothing more than confer upon the contractor, the George A. Fuller Company, the right of inspection.

Where the contract merely reserves the right of inspection, there is no reservation of the power to control the manner of doing the work. Where a contract provides that the work is to be performed under the direction and to the satisfaction of the architects, acting as agents of the owner, it gives the owner no power to control the contractor in the choice of his servants. Such a clause in the contract does not interfere with the right of the contractor to make his own selection. He, who makes choice of an unskillful or careless person to execute his orders, should be responsible for any injury resulting from the want of skill, or the want of care of the person employed. "The rule of *respondeat superior* does not apply, if the party employed to do the work, in the course of which the injury occurs, is a contractor pursuing an independent employment and, by the terms of the contract, is free to exercise his own judgment and discretion as to the means and appliances that he may see proper to employ to do the work, exclusive of the control and direction in this respect of the party for whom the work is being done." (*Deford* v. *State*, 30 Md. 179; *Smith* v. *Milwaukee, etc. Exchange*, 91 Wis. 360; 30 L. R. A. 504; *Kelley* v. *Mayor*, 11 N. Y. 435; *Reedie* v. *Railway Co.* 4 Exch. 244; *Hobbit* v. *Railway Co.* id. 254). Where the owner or contractor furnishes the material to be used and retains direction and control over the details of the work and the men employed, he is liable for negligence of the men employed. (*Jefferson* v. *Jameson & Morse Co.* 165 Ill. 138).

There is nothing in the written contract between the Fuller company and the appellant, which indicates that the Fuller company was to have direction and control over the details of the work to be done by the appellant, or over the men employed by the appellant. There is nothing in the terms of the contract, which militates against the right of the appellant to select its own men, and to direct their labors, and to discharge them, if negligent in the performance of their work. We are, there-

fore, of the opinion that the court committed no error in refusing to give the fourth instruction asked by the appellant. It seems to be conceded, that there was negligence in unloading the "boat" of tiles, and that such negligence contributed to the injury. The main contention of the appellant is, that the Fuller company, and not itself, was guilty of such negligence. The question in the case is not so much whether negligence was committed, and whether the deceased lost his life by reason of such negligence, as whether the Fuller company or the appellant was responsible for the same. The instructions fairly submitted it to the jury to determine the question, whether or not the appellant was at fault in this matter. Their verdict and the judgments of the courts below, based upon that verdict, are conclusive of the matter so far as we are concerned. Nor does the contract bear any construction, which authorizes a finding, that the appellant was not an independent contractor, or that the relation of master and servant existed between the Fuller company and the appellant, or the servants of the latter.

It is claimed by the appellant, that the court below erred in refusing to allow answers to be made by some of the witnesses to questions put to them in relation to the duty of the Fuller company to put up gutter-guards, and in relation to the erection of a shed in the âlley by the appellant, and in relation to the previous falling of material in the alley. Appellant's counsel asked several of the witnesses, if pieces of tiling had been falling from the top of the building into the alley previous to the time when the accident occurred. It is said, that the Fuller company failed to put gutter-guards on the roof of the building, which would have prevented the tiling from slipping off, and that the appellant had erected a shed in the alley for the purpose of protecting the men from the falling tiles. The trial court refused to admit such offered testimony. The appellant did not propose to show

that Hansen, the deceased, had any notice that tiling had theretofore fallen from the roof by reason of any negligent act on the part of appellant's servants; nor was it proposed to be shown that he had any knowledge of the alleged sufficiency of the shed erected to protect him from falling tiles. Indeed, it was his business to guide with a line the ascent of the "boat" or platform, containing the tiles, to the roof of the house; and it is difficult to see how he could so guide the "boat" or platform if he was under the shed in question. The object of the offered testimony was to show that the occupation of Hansen was a dangerous one, and that he knew of its danger, and that by continuing the work in the alley he assumed all the risks of the occupation in which he was engaged. We are satisfied with what the Appellate Court in its opinion says upon this subject: "If appellant had provided a place of safety, viz., a shed for the protection of those working in the alley, and if the deceased at the time he was struck by the falling tile might properly and consistently with the work he had to do have been in this shed and knew this, so that his exposure to danger from falling tiles was his voluntary act and not necessitated by his employment, appellant would not have been liable for an accident to him, if he, despite its care, of his own volition unnecessarily exposed himself to danger. Appellant did not offer to show this, although it did offer to show that it had erected a shed in the alley." "The law holds no one responsible for exposing himself to a danger of which he knew nothing, and of which he was not under obligation to inform himself. We must use ordinary care and prudence to avoid the ordinary and usual perils that beset us, but we are not bound to guard against those which we have no reason, under the circumstances, to suspect." (Beach on Contributory Negligence, p. 38, sec. 12).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*