## Peter Bjornson v. Antonio Saccone and Antonio Marrubbio.

1. PERSONAL INJURIES—*Liability of a Lot Owner.*—The mere fact that a person is the owner of a lot upon which a building is in course of construction does not render him liable for an injury that befalls another who may be at work upon such building.

2. SAME—*Theory upon Which the Liability Rests.*—All liability for a wrong, or injury, sustained through the negligence of a defendant, rests upon the theory that the defendant has committed some wrong or neglected some duty, from which the injury complained of has resulted, either directly or as a natural consequence, without the fault of the other.

3. INDEPENDENT CONTRACTOR—*Who is—Definition.*— An independent contractor is said to be "a contractor pursuing an independent employment, and by the terms of his contract is free to exercise his own judgment and discretion as to the means and appliances that he may see proper to employ to do the work, exclusive of the control and direction in this respect of the party for whom the work is being done.

4. BUILDING CONTRACTS—*Construction of.*—Where a building contract merely reserves the right of inspection, without the power to control the doing of the work, as where it provides that the work is to be performed under the direction and to the satisfaction of the architects, acting as agents of the owner, and to his satisfaction, it gives the owner no power to control the contractor in the choice of his servants; it does not interfere with the right of the contractor to make his own selection.

5. RES IPSA LOQUITUR—*Where the Doctrine Does Not Apply.*—Where a person is at work upon a building under a contract, not with the owner of the lot, but with other persons who control the building for the purposes of construction, and the building collapses and he is injured from a cause consistent with due care upon their part, the doctrine *res ipsa loquitur* has no application.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 27, 1900.

SETH F. CREWS and RALPH CREWS, attorneys for appellant.

PECKHAM, BROWN & PACKARD, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant was injured by the fall of a building, in process of construction, upon the fourth floor of which he was engaged at work, and brought this suit to recover his damages. At the conclusion of all the evidence the court, upon appellees' (defendants) motion, directed the return of

a verdict of not guilty, which being done, judgment was rendered accordingly.

The main theory of appellees' defense at the trial seems to have been that they were not liable because of the intervention of the firm of McBeath & Krevis, original co-defendants with appellees, as independent contractors for the doing of the work which, owing to its defective performance, occasioned the falling of the building.

The proof is conclusive that the building fell because of the defective work done by McBeath & Krevis. Were they, then, independent contractors, so as to relieve appellees from liability to the appellant?

Appellees were possessed, and the owners of the ground upon which the building was being erected.

The mere fact that a person is the owner of a lot upon which a building is in course of construction does not render him liable for an injury that befalls another who may be at work upon such building.

All liability for a wrong, or injury, sustained through the negligence of a defendant, rests upon the theory that the defendant has committed some wrong or neglected some duty, from which the injury complained of has resulted, either directly or as a natural consequence, without the fault of the other. Scammon v. City of Chicago, 25 Ill. 424; Jansen v. Varnum, 89 Ill. 100.

There is no right to damages where there is no wrong.

The appellees being the owners of the lot of land, entered into a written contract with the firm of McBeath & Krevis, contractors, whereby the latter agreed to " perform and finish under the direction and to the satisfaction of the said owners, all the work included in the," etc.   *   *   * and "including all labor and materials incident thereto, and shall provide all scaffolding, implements and cartage necessary for the due performance of the said work."

It was also provided by the contract:

" The contractors shall permit the owners and all persons appointed by them to visit and inspect the said work or any part thereof, at all times and places, during the progress of

Bjornson v. Saccone.

the same, and shall provide sufficient, safe and proper facilities for such inspection."

Under the decision of Pioneer Construction Company v. Hansen, 176 Ill. 100, the question of whether McBeath & Krevis were independent contractors, or not, depends upon the construction as matter of law, of the contract referred to. If they were independent contractors, then an injury to one of their servants or sub-contractors engaged upon the work, is something for which the owners are not liable.

An independent contractor is said to be "a contractor pursuing an independent employment, and by the terms of his contract is free to exercise his own judgment and discretion as to the means and appliances that he may see proper to employ to do the work, exclusive of the control and direction in this respect of the party for whom the work is being done."

Such definition is quoted from Pioneer Construction Company v. Hansen, *supra*, where it is adopted from other authorities there cited; and we quote again from the same case:

"Where the contract merely reserves the right of inspection, there is no reservation of the power to control the doing of the work. Where a contract provides that the work is to be performed under the direction and to the satisfaction of the architects, acting as agents of the owner (in this case to the satisfaction of the owners themselves), it gives the owner no power to control the contractor in the choice of his servants. Such a clause in the contract does not interfere with the right of the contractor to make his own selection."

In all essential respects the contract in the case quoted from, and this one, are similar, and the reasoning upon which the conclusion there reached, that the contractor in that case was, in the meaning of the law, an independent contractor for whose neglect the owner was not liable, is decisive of this case. We have no hesitation in holding that McBeath & Krevis were, under the contract in this record, independent contractors.

There is some pretense that the testimony of one of the appellees, who was called as a witness by appellant, rebuts

the construction we have given to the contract; but while a single affirmative answer to a leading question that was put to the witness might be so treated, his entire evidence clearly sustains the construction that McBeath & Krevis were independent contractors and in possession of the building to perform their contract.

But it is contended that under the facts and circumstances of this case the principle of the doctrine of *res ipsa loquitur* applies. Such doctrine is a well recognized one, and if the facts assumed by the appellant were as he contends, it would quite likely be applied here. But, as we read the record, the facts are quite different from those upon which the argument in support of the applicability of the doctrine is based.

The abstract of the bill of exceptions shows that appellant testified he was at work under a contract upon a part of the building at the time it collapsed, and he identified a contract, exhibited to him, as "dated in October, 1894." The subsequent offer of the contract in evidence says:

"Hereupon plaintiff offers in evidence contract between plaintiff and McBeath & Krevis, under which he was doing work on the fourth and fifth floors" * * * "marked Plaintiff's Exhibit I."

Attached to the bill of exceptions is a (copy) contract, marked "Plaintiff's Exhibit A," dated "this day of October, A. D. 1894," between plaintiff and two other persons, as parties of the first part, and two persons named as parties of the second part, which we infer is the contract referred to by appellant as being the one under which he was at work, and as the one referred to in the offer, as being between plaintiff and McBeath & Krevis. Although such contract is not, in terms, signed by McBeath & Krevis, but purports to be signed by the persons named in its body as the parties of the second part, we infer, from the terms in which the offer of it in evidence was made, and from the fact proved, that McBeath & Krevis settled with appellant and paid him $850 to forbear suit and dismiss this suit against them for said injuries, that it was treated at the trial as having been

made by the second parties in behalf of McBeath & Krevis, there being no evidence to the contrary. Appellant in the statement preceding his brief speaks of it as an agreement between appellant and appellees, but such statement does not appear to be justified by any evidence in the record, and the contract on its face negatives any inference to that effect. No numeral references to the bill of exceptions are to be found in the margin of the abstract, as required by the rules; and although we have overlooked such defect, if we have failed to find in the bill of exceptions anything to sustain the statement that the contract was made with the appellees, the fault is that of appellant.

Appellant was, then, at work as a sub-contractor under a contract between himself and the principal contractors, McBeath & Krevis, who, as we have already seen, were independent contractors, for whose duty to provide reasonably for the safety of the appellant, the appellees were not bound.

It is necessary, as we understand, for the doctrine of *res ipsa loquitur*, to apply; that is to say, when the accident is of such a character as to speak for itself, and thus afford *prima facie* evidence of negligence, the defendant's control of the immediate cause of the injury must be exclusive. Hart v. Washington Park Club, 157 Ill. 9.

Here the appellant was at work upon the building under a contract, not with the appellees, but with other persons who had control of the building for the purposes of its construction.

How, then, can it be, that under such circumstances the law will presume negligence by the appellees and cast upon them the burden of showing that the building collapsed from a cause consistent with due care upon their part? The doctrine of *res ipsa loquitur* has no application to such a case.

We will add the further suggestion (though the record is so obscure as to make it a mere conjecture) that if, perhaps, the contract under which appellant was at work was made by him with the persons named therein as original con-

tractors for other work upon the building, and not by them in behalf of McBeath & Krevis, the result would be the same.

As we view the record, there is no sufficient evidence upon which a verdict, if returned for the appellant, could have been lawfully sustained, and the court properly directed a verdict for the appellees. We do not consider the effect of the release of McBeath & Krevis by appellant, nor the rulings of the court in regard to the inadmissibility of certain evidence, neither being important, in view of what we have said.

The judgment of the Circuit Court is affirmed.