Charles Vacker, Appellee, v. M. Yeager et al., Appellants.

1. PERSONAL INJURIES—*how question of independent contractor determined.* While the mode of payment is a circumstance entitled to some weight in a case of doubt as to whether the relation of master and servant exists, it is not the test by which such relation is to be determined.

2. PERSONAL INJURIES—*how question of independent contractor determined.* The contract between the owner and the contractors is primarily the source from which the question is to be determined, but the law will not countenance the employment of any shift or device to escape a legal liability, and even where a contract exists which assumes to determine the relation of the parties, if the facts and circumstances in evidence tend to show the existence of a relation other than that fixed by the contract, the question of the existence of such relation will become one of fact for the jury notwithstanding the contract.

3. PERSONAL INJURIES—*what does not exclude relation of independent contractors.* The mere retention by the owners to exercise, by their foreman, the right to inspect work as it progressed for the purpose of determining whether such work complied with the plans and specifications, does not operate to create the relation of master and servant between such owners and those engaged upon such work.

4. EVIDENCE—*competency of liability policy, in an action for personal injuries.* Held, that an employer's liability policy was incompetent upon the question of negligence but was competent upon the question of the existence of the relation of master and servant.

5. MASTER AND SERVANT—*what duties non-delegable.* The duty imposed upon the master to provide a servant with a reasonably safe place to work is a non-delegable duty.

6. INSTRUCTIONS—*must not single out particular evidence.* An instruction is erroneous which singles out and calls attention to a particular item of evidence.

7. INSTRUCTIONS—*must be clear.* An instruction is properly refused which would rather tend to confuse than to enlighten the jury as to the law of the case.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed October 25, 1909.

H. M. STEELY and LOUIS CLEMENTS, for appellants.

WALTER V. DYSERT and DOAN & ORBISON, for appellee; THOMAS A. GRAHAM, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The plaintiff, Charles Vacker, recovered a verdict and judgment in the Circuit Court of Vermilion county against the defendants, M. Yeager and O. P. Yeager, partners doing business as M. Yeager & Son, for the sum of $7000 as damages for personal injuries. The declaration contains two counts. The first count alleges that the defendants on June 25, 1907, had the contract for the erection and construction of a seven-story building in the city of Danville; that Joseph A. Dondono and John Gerance, employed under the name of Dondono & Gerance, were the foremen for the defendants to superintend and direct the erection and construction of the steel work upon said building; that one Charles Bushong was the general foreman of defendants in the construction of said building; that plaintiff was a structural iron worker employed as such by the defendants, and that plaintiff and all other structural iron workers of defendants, and said Dondono and Gerance, as foremen, were under the personal control, direction and supervision of said general foreman, Charles Bushong, and were then and there in pursuance of said employment working upon a scaffold located three feet below the fourth floor of said structure, where they were engaged in riveting under the general direction and with the knowledge of defendants' general foreman; that the steel work of said building had been erected to the sixth story and certain employes of the defendants were then and there working upon said sixth story erecting the beams of the seventh story; that defendants negligently failed to use reasonable care to protect plaintiff's working place from falling tools and material dropping from the sixth floor and negligently failed to properly cover the floor of that part of the sixth floor above the place where plaintiff was at work, but negligently used a certain temporary floor constructed of planks which were too short to reach from one side of the structure to the other, whereby open spaces were left eight feet in length and six inches in width, of which defendants

had knowledge and the plaintiff had no knowledge nor could by the exercise of reasonable care have had knowledge; that while the plaintiff was in the pursuance of his said employment and exercising due care for his own safety a wooden roller which was being used by the employes of the defendants upon the sixth floor was inadvertently pushed toward one of said open spaces and fell upon the head of plaintiff. The second count contains the additional allegation that the unsafe condition of the said floor upon the sixth story of the building had existed for five days prior to the injury complained of. To this declaration the defendants pleaded the general issue and also a special plea averring that the plaintiff was not an employe of the defendants and was not performing any duty or work for them, and that the defendants did not owe to the plaintiff the duties alleged in the declaration, but that plaintiff was at the time mentioned and prior thereto an employe of Joseph A. Dondono and John Gerance, partners doing business as Dondono & Gerance, independent contractors, and was working for them in the erection of the steel work of said building; that the temporary flooring mentioned in the declaration was laid and constructed by said Dondono & Gerance, as such independent contractors and not by the defendants, and that the employes engaged in moving said wooden roller upon the sixth floor, as well as the plaintiff, were all employes of Dondono & Gerance, and were performing such work for and acting under the directions of said Dondono & Gerance, and not of the defendants.

On November 23, 1906, W. F. Baum & Son, as owners, entered into a written contract with the defendants, M. Yeager & Son, for the construction by the latter of a seven-story steel building in compliance with the architects' plans and specifications for the sum of $116,198.20 including the cost of labor and material, and the sum of $7500 as compensation for their services. The contract provided that the con-

tractors might sublet any portion of the work, and on
January 28, 1907, said contractors entered into a writ-
ten agreement with Joseph A. Dondono and John
Gerance, designated as a copartnership and as subcon-
tractors, whereby, as such subcontractors, said Don-
dono & Gerance agreed to erect all the necessary steel
work for the building in accordance with the architects'
plans and specifications and under the direction of the
contractors or their authorized foremen, for the sum
of $7.50 per ton for all steel erected. As to the man-
ner of payment to said subcontractors the contract pro-
vided that the contractors should pay for all labor
necessary in the erection of said steel according to pay
rolls as submitted by the subcontractors, said pay rolls
to be made up and paid every two weeks according to
time books kept by the superintendent for the con-
tractors, and that the subcontractors Dondono & Ger-
ance, should each be allowed $30 per week; that after
all the steel work had been set and completed to the
satisfaction of the contractors and architects, the actual
weight of the steel should be determined and the
amount, if any, then remaining due to the subcontrac-
tors should be paid to them within thirty days there-
after. Said subcontract further provided, that in the
erection of the work the contractors were to furnish
all the necessary equipment to do the work, with the
exception of the small hand tools, which were to be
furnished by the subcontractors.

On June 25, 1907, while the plaintiff was engaged
in his employment as a structural iron worker on the
fourth story of the building, a wooden roller which was
being used by certain other structural iron workers
on the sixth story of the building fell through an open-
ing in the temporary platform or floor constructed of
planks on said sixth story and struck the plaintiff on
the head causing the injuries complained of. It is un-
controverted that the plaintiff together with all of the
other structural iron workers employed on the building
were hired by Dondono & Gerance and that the gen-

eral method of installing the equipment necessary to the erection of the structural iron work was directed and controlled by said Dondono & Gerance; that the necessary equipment for the proper performance of the work, including planks to be used as temporary floors on the several stories of the building as the work progressed, was furnished by the defendants, M. Yeager & Son; that at the time plaintiff was injured there was a sufficient supply of planks furnished by the defendants and accessible to Dondono & Gerance for use in constructing a close temporary floor on the sixth story of the building. The evidence tends to show that there was a difference of opinion between Gerance and Dondono as to the manner in which such temporary floor should be constructed, Dondono insisting that such floor should be put in tight while Gerance considered the method adopted as sufficient for the purpose.

If the written contract which was entered into between the defendants and Dondono & Gerance is controlling and conclusive as to the relation of the parties it must be held that Dondono & Gerance were thereby created independent contractors to construct and erect the structural iron work. The contract in question in so far as it provides that the work shall be done under the direction of the defendants or their authorized foremen and to the acceptance of the architects or their authorized representative, is not unlike the contract involved in Pioneer Construction Co. v. Hansen, 176 Ill. 100, where it was held that such a provision conferred upon the general contractor the right of inspection and that the reservation of such right of inspection was not a reservation of the power to control the method of doing the work. The same doctrine is announced in Foster v. City of Chicago, 197 Ill. 264. It has also been held that while the mode of payment is a circumstance entitled to some weight in a case of doubt as to whether the relation of master and servant exists, it is not the test by which such relation is to be

determined. Corbin v. American Mills, 27 Conn. 274;
N. O. & N. E. R. R. Co. v. Reese, 61 Miss. 581; Morgan
v. Smith, 159 Mass. 570.

It is insisted on behalf of the plaintiff that the con-
tract in question between the defendants and Dondono
& Gerance was a mere shift or device entered into
for the purpose of enabling the defendants to evade
liability under the doctrine of *respondeat superior* for
injuries resulting to structural iron workers upon the
building, and that the facts and circumstances in evi-
dence justify such insistence; and that the question as
to whether or not the relation of master and servant
existed between the plaintiff and the defendants be-
came one of fact for the jury. The law will not coun-
tenance the employment of any shift or device to escape
a legal liability and we have no doubt that even where
a contract exists which assumes to determine the rela-
tions of the parties, if the facts and circumstances in
evidence tend to show the existence of a relation other
than that fixed by the contract, the question of the
existence of such relation will become one of fact for
the jury notwithstanding the contract.

Upon the trial of the cause the plaintiff was per-
mitted over the objection of the defendants to intro-
duce in evidence an employer's liability insurance
policy issued to the defendants by the Aetna Life In-
surance Company through its agent, John W. Webster,
which policy covered any loss or damage resulting
from claims upon the defendants for damages on ac-
count of bodily injuries or death accidentally suffered
by any employe or employes of the defendants by
reason of the prosecution of the work under the con-
tract between said defendants and the owners. Con-
sidering the question involved upon the admission of
the insurance policy apart from the question which
subsequently arose upon the trial as to the admissibil-
ity of evidence of the conduct of one of the defendants
in notifying the agent of the insurance company that
one of the workmen upon the building had been in-

jured, which question we reserve for discussion hereafter, the insurance policy was improperly admitted at the time it was offered. As bearing upon the question of the negligence of the defendants the fact that the master carried insurance against loss or damage resulting from accidental injuries to his servants is wholly irrelevant, and in such case the mere statement or intimation by counsel of such fact upon the trial of a cause before a jury has frequently been held to constitute reversible error. Emery Dry Goods Co. v. DeHart, 130 Ill. App. 244; McCarthy v. Spring Valley Coal Co., 232 Ill. 473. The policy of insurance was offered by plaintiff and permitted to be introduced in evidence as tending to show that the relation of master and servant existed between plaintiff and the defendants, but there is nothing in the policy which even by inference tends to show the existence of such relation. The employes of the defendants for whose accidental injury or death the policy was issued as indemnity are not named therein and the policy by its express terms excludes any liability from iron or steel frame erections, and the estimated premium which was paid for the policy, which premium was based upon the wages paid by the defendants to their employes as indicated by the payrolls, expressly excludes any payments to subcontractors.

Upon the direct examination of Oscar P. Yeager, one of the defendants, he testified that the plaintiff was in the employ of Dondono & Gerance. Upon his cross-examination by counsel for plaintiff Yeager was asked whether he had not notified the Aetna Life Insurance Company of the accident by which plaintiff was injured, and over the objection of defendants he was permitted to state that immediately after the accident he communicated with the agent of the insurance company by telephone, and notified such agent that an accident had occurred upon the building and that one of the steel workers had been injured. He further testified that as the policy of insurance requir-

ed the assured to notify the company immediately upon the occurrence of an accident, he had given such notice for the purpose of being on the safe side. It is urged on behalf of the defendants that the subject-matter of his cross-examination was wholly irrelevant and improper, and that its admission operated to seriously prejudice their case. This evidence adduced upon the cross-examination of the witness Yeager was in the nature of an admission by conduct, and while not conclusive in its character it was competent to be considered by the jury in determining the main issue in the case, viz., whether the plaintiff was a servant of the defendants or of the independent contractors. Where the existence of the relation of master and servant is an issue in a case, such as that at bar, it has been held, and we think properly, that it is competent for the plaintiff to show that the defendant carried indemnity insurance upon the employes, including the plaintiff. Brower v. Timreck, 66 Kan. 770; Barg v. Bousfield, 65 Minn. 355; Corrigan v. Elsinger, 81 Minn. 42. Any act or conduct on the part of a defendant which is inconsistent with a defense interposed by him is generally admissible in evidence and proper to be considered by the jury in determining the issue involved, and the fact that such evidence may have but a slight bearing upon the issue does not render it incompetent but merely affects its weight.

The fact that the payrolls used by Dondono & Gerance were the same in form as those used by the defendants, except that lines were drawn through the names of the defendants printed thereon and the names of Dondono & Gerance as employers were substituted therefor in writing, is not of sufficient significance in the determination of the issue involved to merit notice.

It is insisted on behalf of the plaintiff that the evidence discloses that Charles Bushong, the general foreman or superintendent of construction in the employ of the defendants, directed the particular method and means by which the structural iron workers employed

upon the building should prosecute their work, and that Dondono & Gerance were merely foreman employed by the defendants because of their special familiarity with that character of work. There is much incompetent evidence in the record consisting of the mere conclusion of witnesses with reference to the capacity in which Bushong acted in directing and superintending the work of construction. It was competent to show what Bushong did or said with reference to the prosecution of the structural steel work, and so far as the competent evidence in the record discloses, what he said and did in that regard was entirely consistent with his duties as general superintendent of construction as it related to the inspection of the work for the purpose of ascertaining whether it complied with the plans and specifications, and not to the method or means which should be employed in doing such work. The mere retention by the defendants and the exercise by their foreman of the right to inspect the structural steel work as it progressed, for the purpose of determining whether such work complied with the plans and specifications, did not operate to create the relation of master and servant between the defendants and the structural steel workers. Pioneer Construction Co. v. Hansen, *supra;* Foster v. City of Chicago, *supra.* To hold otherwise would result in depriving an owner or general contractor of the right to sub-let work to an independent contractor without incurring the disability of determining whether such independent contractor had complied with the plans and specifications in pursuance of which the work was to be performed. Considering only the competent evidence in the record bearing upon the issue as to whether or not the plaintiff was a servant of the defendants, we are clearly of the opinion that the verdict of the jury is against the manifest weight of the evidence and that the trial court should have set it aside upon the motion for a new trial.

The negligence alleged in the declaration is the failure of the defendants to exercise reasonable care to

provide the plaintiff with a reasonably safe place in which to work. This duty imposed upon the master is a non-delegable duty and the fellow-servant doctrine is not applicable to the case. The declaration expressly negatives plaintiff's assumption of the risk and it was not reversible error to instruct the jury to find for the plaintiff if they believed from a preponderance of the evidence that he had made out his case as alleged in the declaration or either count thereof. Hagen v. Schleuter, 236 Ill. 467. The giving of an instruction in this form is not, however, to be commended. Dickson v. Swift Co., 238 Ill. 62.

The third instruction given at the instance of plaintiff, wherein it authorized the jury to consider the insurance policy together with all other evidence in the case in determining whether the plaintiff was or was not an employe of the defendants, was improperly given for the reasons heretofore stated, and for the further reason that it singled out a particular item of evidence. Such policy of insurance gave no color to plaintiff's claim that he was an employe of the defendants. The fourth instruction given on behalf of plaintiff is erroneous because it is predicated in part upon no competent evidence in the record, and because it directs the jury in determining the question as to whether or not the plaintiff was in the employ of the defendants to consider matters which have no possible bearing upon that issue.

The construction of the written contract between the defendants and Dondono & Gerance was a question of law for the court and the defendants might well have asked an instruction which the court could have properly given construing such contract as creating the relation on the part of Dondono & Gerance of independent contractors, but the jury should have been further advised in that connection that such contract was not conclusive as to the relation of the parties. The 25th instruction asked by the defendants and refused by the court substantially treated the contract in question as

conclusive of the relation of the parties and was therefore properly refused. The 18th instruction offered by defendants was properly refused because it assumed that the plaintiff had notice and knowledge of the danger liable to result to him from the manner in which the temporary floor was constructed. As the fellowservant question was not involved in the case it was not error to refuse the 19th instruction tendered by defendants. The 20th instruction tendered by defendants and refused by the court was properly refused as it tended to confuse rather than enlighten the jury as to the law of the case. Chicago City Ry. Co. v. Lowitz, 218 Ill. 24. The 21st, 22nd and 23rd instructions offered by the defendants and refused by the court were cautionary in character and the giving of the same was largely discretionary with the trial court. The 24th instruction asked by the defendants and refused by the court was sufficiently covered by other instructions given in the case. The 26th instruction tendered by defendants and refused by the court was properly refused because it advised the jury to disregard evidence of the conduct of the defendants in notifying the agent of the insurance company of the accident to plaintiff, which evidence we have held to have been competent.

For the reasons stated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*