THE NONOTUCK SILK COMPANY, Appellee, *vs.* THE AD-AMS EXPRESS COMPANY, Appellant.

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. PRACTICE—*inquiry where Appellate Court reverses because of its finding of facts.* Where the Appellate Court reverses a judgment of the trial court as a result of finding the facts in controversy different from the finding of the trial court and recites in the final judgment the facts so found, such finding is by the statute made conclusive, and the Supreme Court can only inquire whether the law was properly applied to the facts so found.

2. SAME—*presumption as to facts not recited in the Appellate Court's judgment.* Where the Appellate Court reverses a judgment and recites certain facts in its judgment, it will be presumed that all facts not so recited were found by the Appellate Court the same as they were found by the trial court.

3. SAME—*inquiry where Appellate Court's reversal is based on its conclusion of law.* Where the facts recited by the Appellate Court were not controverted but were admitted in the trial court but the judgment is reversed because the Appellate Court's conclusion of law as to the defendant's liability differs from that of the trial court, the inquiry in the Supreme Court is whether the Appellate Court was correct in its conclusion of law, and if so, its judgment should be affirmed.

4. CARRIERS—*what provision in receipt is an attempt to limit common law liability.* A provision in an express company's receipt limiting the amount of liability to a certain sum less than the value of the goods, in case no valuation is given, is an attempt by the express company to limit its common law liability.

5. SAME—*a shipper has no implied authority to bind consignee by contract limiting liability.* A shipper has no implied authority to bind the consignee by a contract which limits the amount of the carrier's liability to a fixed sum, unless the value is stated in the receipt, even though the goods are of greater value.

6. SAME—*when shipper acts as agent for consignee in taking a receipt.* Where goods are ordered from a dealer to be shipped by express, without naming any particular carrier, and the dealer separates the goods from his stock and packs them in a bundle marked with the consignee's address and delivers the bundle to the express company, the title to the goods passes to the consignee, and in taking the carrier's receipt the shipper acts as consignee's agent.

7. SAME—*shipper has no implied authority to make an unlawful contract for consignee.* A shipper has no implied authority to bind the consignee by entering into an unlawful contract limiting the carrier's common law liability, for the purpose of obtaining a lower rate of transportation than would otherwise be chargeable under the Inter-State Commerce act and the Elkins law.

8. SAME—*a contract repugnant to public policy will not be enforced.* A contract which is valid in the State where it is made but which is to be performed partly in that State and partly in Illinois, will not be enforced in Illinois if it is repugnant to the public policy, laws and institutions of this State and is expressly prohibited by our statutes.

9. SAME—*limitation upon common law liability cannot rest on provision in receipt for goods.* A limitation upon the common law liability of a carrier cannot rest upon any provision in a receipt given for the goods but must have the assent of the shipper, whether found in the receipt or in a bill of lading, and an agent has no implied authority to make such a contract for a citizen of this State.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

Charles B. Elder, for appellant.

Brode B. Davis, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

This suit was brought in the municipal court of Chicago by appellee as a case of the fourth class, against appellant, to recover for the loss of goods of the plaintiff which were delivered by A. D. Juilliard & Co. to the defendant in New York City, consigned to the plaintiff at Chicago, and were never delivered. The case was tried by the court without a jury on an agreed statement of facts and the testimony of a witness as to the law in New York. The defense was that by the contract of shipment the defendant's liability was limited to $50, and that amount was tendered to the plaintiff. The court refused to hold, at the request of the plaintiff, that the contract made in New York was not enforceable in this State and the defendant's liability was not thereby limited to $50, and that the shipper did not commit a fraud upon the defendant. The court found the plaintiff entitled to recover $50 and no more, and entered judgment for that amount, without costs. On a writ of error from the Appellate Court for the First District a branch of that court reversed the judgment with the following finding of facts: "That the defendant in error, Adams Express Company, negligently lost the goods of the plaintiff in error, Nonotuck Silk Company, theretofore delivered to said Adams Express Company to be transported by it as a common carrier; that the value of said goods was $170.97, for which amount the said defendant in error, Adams Express Company, is liable to said plaintiff in error, Nonotuck Silk Company." A certificate of importance was granted and an appeal to this court.

Where the Appellate Court reverses a judgment of a trial court as a result of finding the facts in controversy different from the finding of the trial court and recites in the final judgment the facts so found, the finding is by the statute made conclusive, and this court can only inquire whether the law was properly applied by the Appellate Court to the facts found. The facts found in this case were, that the defendant negligently lost the goods of the plaintiff and that their value was $170.97, and neither of these facts was controverted in the municipal court but they were admitted. As to any fact not recited in the judgment, the presumption is that the Appellate Court found in respect to it the same as the municipal court. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 Ill. 37; *Sellers* v. *Thomas,* 185 id. 384.) The facts, therefore, were not found differently in the Appellate Court from the finding of the municipal court, and the conclusion recited in the judgment that the defendant was liable to the plaintiff for the value of the goods was a conclusion of law, so that the question to be determined is whether the conclusion of the Appellate Court as to the law was correct. If the judgment of the Appellate Court was the necessary result of an application of the law to the facts it should be affirmed.

The material facts agreed upon are as follows: The plaintiff ordered from A. D. Juilliard & Co., of New York, through a traveling salesman, a bill of goods, consisting of silks according to sample, of the value of $170.97. The goods were taken by Juilliard & Co. from their general stock, and after being separated therefrom were packed in a plain bundle, in heavy paper, bearing the name and address of the plaintiff at Chicago. The bundle was delivered at the store to a driver of the defendant, and a receipt, which had been prepared by Juilliard & Co. upon a regular form of the defendant, was signed by him. The firm had been accustomed to ship packages through the

defendant's express, accepting for each shipment a receipt of the identical form used in this case, and the employee of the firm who filled out this receipt, and the officers, were familiar with its terms and conditions. The plaintiff also used the same receipts in its office in Chicago, and all parties knew that the regular rates of carriage were based on a valuation not exceeding $50 in case no valuation was declared, and the rate increased with the increase in value above $50. The receipt limited the liability of the defendant unless a greater value should be declared, and it contained a blank space for stating value, which was not filled by the employee of Juilliard & Co. who filled up the other blank spaces. The defendant had complied with the Inter-State Commerce law by filing schedules of rates for carriage of goods based upon weight and a valuation not exceeding $50, and if a value in excess of $50 was declared an additional charge was made, and a form of the receipt like the one given in this case was filed with the schedule. It was the custom of the defendant to handle each package of greater value than $50 separately, under the supervision and personal custody of an employee, each employee taking a receipt from every other employee to whom he delivered any such package, while packages of the value not exceeding $50 were handled collectively and not under the immediate supervision of an employee. The goods in question were transported in the customary manner of handling goods of a value not exceeding $50.

It is contended that inasmuch as Juilliard & Co. would be bound by the contract, the plaintiff is also bound and its rights are the same for three reasons: First, because the plaintiff in the municipal court waived any question of authority of Juilliard & Co. to bind it and could not afterward shift its theory; second, because Juilliard & Co. had authority to bind the plaintiff; and third, because no question of agency is involved and the title to the goods shipped was in Juilliard & Co. at the time of making the contract.

The action being of the fourth class, which includes all actions in which justices of the peace had jurisdiction when the court was established, the issues were to be determined without the forms of written pleadings, and there are no pleadings from which we could say that there has been any change of plaintiff's theory. The court refused to hold a proposition of law submitted by the plaintiff that the shipping receipt constituted the contract of shipment but that it was not enforceable in this State, and that is the basis of the claim that the plaintiff waived any question of the authority of Juilliard & Co. to bind it. The receipt represented the agreement between Juilliard & Co. and the defendant, which has not been and is not now denied, but the claim was, and still is, that it was not valid under the laws of this State. There has been no change of position on that ground.

The second reason for insisting that plaintiff was bound by the contract is that Juilliard & Co. had lawful authority to bind it. There was no express authority given by the plaintiff, and the question whether there was implied authority came before this court in *Merchants' Despatch Transportation Co.* v. *Joesting,* 89 Ill. 152, which was an action brought by the consignee against the carrier for the loss of goods shipped by merchants from whom the goods were purchased. It was claimed that the goods were destroyed in Chicago by the fire in October, 1871, and the bill of lading contained a provision that danger of fire was excepted from the undertaking of the carrier to deliver the goods safely at Alton. The court said that in the absence of evidence that the merchants from whom the goods were purchased were authorized to make a contract limiting the carrier's liability, the presumption would be that they had only authority to ship the goods with all the liabilities of the common carrier attaching, without exception of any description. The same question came before the court in *Plaff* v. *Pacific Express Co.* 251 Ill. 243, and while it was

admitted by the court that the former decision was out of line with the cases, generally, in other States on the question, it was adhered to and the court refused to recede from the position therein announced. It is argued, however, that those decisions are not applicable to this case because they involved limitations of the carrier's liability, while the question here is not whether the shipper had authority to agree to such a limitation, but whether the shipper had implied authority to state the value of the shipment and to obtain rates based on value. It is the general rule that an agent has implied authority to do whatever is reasonably necessary to carry out the business of its agency, and it is contended that the fixing of value and obtaining of rates based on value are necessary to be performed by a shipper, for the reason that the carrier has a right to require a statement of value for the purpose of fixing the rate of carriage. The distinction claimed has been made by other courts, which have held that such a stipulation as is contained in the receipt in this case does not exempt a carrier from negligence or limit its liability but merely fixes a basis for computing the amount of the liability. (*Bernard* v. *Adams Express Co.* 205 Mass. 254; *Hart* v. *Pacific Railroad Co.* 112 U. S. 331.) This court, however, has held in numerous cases that provisions identical in meaning with the one in this case limiting the amount of liability to a sum less than the value of the goods, constitute an attempt of the carrier to limit its common law liability for such value, and in the recent case of *Cutter* v. *Wells, Fargo & Co.* 237 Ill. 247, the question was again considered. In that case the express receipt contained this language: "Nor in any event shall said company be held liable beyond the sum of $50, at not exceeding which sum the said property is hereby valued unless a different value is herein above stated." It was there argued that the greater weight of authority in other jurisdictions, both English and American, was contrary to the decisions of this court, and the

appellants sought to have this court improve the opportunity to make the law of this State harmonize with the great trend of legal opinion in reference to the matter. The court said that it was true that by far the greater array of authority supported the doctrine contended for, but this court had so long held the law to be the other way that it was not regarded as proper to change the rule in this State.

The third reason offered by counsel is that the title to the goods was in Juilliard & Co. and was not in the plaintiff at the time the receipt was given and therefore no question of agency is involved. The goods which were ordered were separated from the general stock by Juilliard & Co. and were packed in a bundle, which was marked with the name and address of the plaintiff. They were ordered shipped by express but no particular express company or carrier was named, and nothing remained to be done by the seller except to deliver the bundle to the carrier. The receipt acknowledged the delivery of the goods to the defendant and their acceptance by it, with exclusive custody and control over them, to be delivered at Chicago to the plaintiff, and such delivery for conveyance to a purchaser is a delivery to the consignee. (*Pike* v. *Baker,* 53 Ill. 163; *Ward* v. *Taylor,* 56 id. 494; *Ellis* v. *Roche,* 73 id. 280; *Lake Shore and Michigan Southern Railway Co.* v. *National Live Stock Bank,* 178 id. 506.) And this is true even though the goods are consigned C. O. D. (*City of Carthage* v. *Duvall,* 202 Ill. 234.) The title to the goods passed from Juilliard & Co. upon delivery to the driver of the defendant, and the receipt was received and accepted by that company as agent of the plaintiff. The plaintiff paid for the goods on November 28, 1906, according to the terms of credit given at the time of the order.

It is further contended that the defendant was not liable for any sum exceeding $50 because the contract of shipment was entered into in violation of the express statutory

prohibitions of the Inter-State Commerce act and the El-
kins act, and therefore could not be made the basis of an
action·in a court of justice, as decided in *Ellison* v. *Adams
Express Co.* 245 Ill. 410. The suit in that case was by the
consignor of two packages, consigned to different persons,
to be delivered in Chicago, and, the right of action being
in the party to the contract entered into in violation of law,
it was held that there could be no recovery beyond the
stipulated sum. If the right of action in this case had been
in Juilliard & Co. the same rule would apply, but if the
plaintiff was not directly or indirectly a party to any fraud
or misrepresentation in connection with the shipment it
would not be amenable to the criminal provisions of the
Inter-State Commerce act. There was no express authority
conferred by the plaintiff to make a contract limiting the
common law liability of the defendant for the purpose of
obtaining a lower rate of transportation or for any other
purpose, and if, as held by this court, there was no implied
authority, it cannot be said that the plaintiff knowingly and
willfully, by any of the false means specified in the statute,
obtained the transportation of its property for less than
the regular rate.

The last division of the argument against the judgment
of the Appellate Court is that the liability of the defendant
is to be determined by the law of the State of New York,
where the contract was made. A witness for the defend-
ant testified that by the law of New York the filling out
and acceptance of the receipt, as a matter of law, made it
the contract of shipment governing the rights of the par-
ties. The shipper is under a duty to read the receipt, can
not deny assent, is bound by its terms, and silence as to
the value estops him from claiming that it is greater than
that named. The circumstances amount, as a matter of
law, to an agreement that the value of the shipment does
not exceed $50. The limitation is valid and binding, and
defendant's liability is limited to $50 even where the loss

is due to negligence.   Even though the shipment be made
and the receipt accepted by a person other than the owner
without the authority of the owner, the owner cannot re-
cover more than the amount of the agreed valuation from
the carrier for the loss of the package if the carrier has
no notice of the want of authority.   The contract was to
be partly performed in New York and partly in this State,
where the goods were to be delivered, and in such a case
the law of the State where the contract is made governs
as to its validity, nature and interpretation, provided the
law is of a nature to be enforced in the State where the
suit is brought.   (*Merchants' Despatch Transportation Co.*
v. *Furthmann,* 149 Ill. 66; *Coats* v. *Chicago, Rock Island
and Pacific Railway Co.* 239 id. 154.)   If a contract which
is valid by the laws of another State is repugnant to the
public policy, laws and institutions of this State and is
expressly prohibited by its statutory enactments, it will not
be enforced by our courts.   (*Pope* v. *Hanke,* 155 Ill. 617.)
Counsel in this case treat the whole instrument as a re-
ceipt and the limitation of liability as being expressed in
the receipt given for the property, and our statute provides
that it shall not be lawful for a carrier to limit his common
law liability safely to deliver property at the place within
or without this State to which the same is to be trans-
ported, by any stipulation or limitation expressed in the
receipt given for the property. This court has held that
a limitation of the amount of liability to a sum less than
the actual value of the goods is a limitation of common
law liability; that such a limitation cannot rest upon any
provision in a receipt given for goods but must have the
assent of the shipper, whether found in the receipt or a bill
of lading, and that there is no implied authority of an
agent to make such a contract for a citizen of this State.
The defendant knew that Juilliard & Co. were merchants
selling goods and shipping them to customers, and we can
not regard the case as one where the carrier had no notice

of the relation of the parties and what authority the law would imply. It would be contrary to the established public policy of this State to permit such a contract as this to be enforced.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

