## Anna M. Raxworthy and Thomas F. Hunt, Administrators, Appellees, v. C. C. Heisen, Sr., Appellant.

## Gen. No. 19,978.

1. MASTER AND SERVANT, § 856*—*when relationship of independent contractor to be determined from contract.* The question as to whether one contracting to perform certain work in the construction of a building was an independent contractor must be determined as a matter of law from the terms of the contract under which the work was to be performed.

2. MASTER AND SERVANT, § 856*—*when relation of independent contractor established.* Contract under which one of the parties agreed to do the stone-setting on a building under construction for a stipulated sum, construed as rendering such party an independent contractor, especially under evidence that he hired, paid, controlled, directed and discharged the men employed in stone-setting, and that neither he nor they were under the direction or control of the other party to the contract or his agents.

3. MASTER AND SERVANT, § 133*—*when duty to furnish safe place cannot be delegated to independent contractor.* The duty of a master to furnish his employee a safe place to work cannot be delegated to an independent contractor, so as to relieve him from liability.

4. MASTER AND SERVANT, § 156*—*when master liable for injury to servant by defective instrumentality owned by independent con-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*tractor.* Where the owner of a building in course of construction undertook to do the work of stone-cutting, letting the work of stone-setting to an independent contractor, and an employee of the former was killed by the breaking of a guy wire supporting a derrick owned and operated by the independent contractor, thus permitting the fall of stone being hoisted, it was *held* that the master was liable, under evidence that he was in possession of the premises, and that he and his superintendent were frequently around the derrick and in a position to observe the character and condition of the guy rope, and that the defects therein were patent.

5. EVIDENCE, § 396*—*when opinions incompetent.* Opinions of witnesses having no scientific knowledge on the subject are incompetent as to the tensile strength of a steel cable.

6. APPEAL AND ERROR, § 1474*—*when admission of opinion evidence harmless.* The admission of opinions incompetent because of the lack of scientific knowledge on the subject by the witnesses giving them is harmless where their testimony conformed to that of a competent witness whose testimony was not contradicted or impeached.

7. WITNESSES, § 99*—*when administrator may call party as a witness.* In an action by an administrator for the wrongful death of an employee of the owner of a building, the plaintiff may call the codefendant of such owner, who was an independent contractor owning the defective instrumentality causing the injury, as his witness.

8. TRIAL, § 246*—*when verdict for codefendant not inconsistent.* Where in an action against the owner of a building under construction and his independent contractor, who owned and operated the defective instrumentality causing the injury, the declaration averred a state of facts showing the duty of both to have inspected the appliance, a verdict in favor of the independent contractor is not inconsistent with a verdict against the owner, independently of whether a verdict alone without judgment thereon could affect a judgment against such owner.

9. INSTRUCTIONS, § 131*—*when not erroneous as omitting essential elements.* An instruction directing a verdict for plaintiff which requires the jury to find all facts essential to liability on the part of defendant is not reversibly erroneous because it requires a finding of other additional facts not essential to the creation of such liability.

10. MASTER AND SERVANT, § 786*—*when instruction does not ignore doctrine of assumed risk.* An instruction in an action for the wrongful death of an employee, which requires the jury to find that the deceased not only did not know but "in the exercise of ordinary

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

care could not have known of the defective condition of the appliance causing injury," is not erroneous as ignoring the doctrine of assumed risk because it does not also require a finding that deceased did not have equal opportunity of knowing.

11. INSTRUCTIONS, § 65*—*when not erroneous as assuming facts.* An instruction concluding with the words "if you find all the foregoing facts from the evidence," etc., is not erroneous as assuming the existence of such facts.

12. INSTRUCTIONS, § 81*—*when not erroneous as singling out facts.* An instruction which merely recites such facts as were necessary to be proved under the averments of the declaration is not subject to criticism as unduly singling out and giving undue prominence to such facts.

13. INSTRUCTIONS, § 88*—*when not erroneous on preponderance of evidence.* An instruction directing a verdict in case the jury found "from a preponderance of the evidence" instead of "by a preponderance of the evidence" is not ground for reversal.

14. APPEAL AND ERROR, § 1533*—*when instruction harmless.* An instruction directing an assessment of damages if the jury found "the defendants or either of them was guilty of the negligence charged against them or either of them" is not ground for reversal.

15. INSTRUCTIONS, § 151*—*when refusal proper.* The refusal of an instruction covered by instructions given is not erroneous.

16. MASTER AND SERVANT, § 802*—*when instruction as to duty to warn properly refused.* In an action for the wrongful death of an employee, an instruction that the master was not bound to warn decedent of open and obvious danger is properly refused where the declaration was not predicated upon any claim to the contrary, no such question being involved in the case.

Appeal from the Circuit Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded on original hearing. Affirmed on rehearing. Opinion filed February 24, 1915.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and CHARLES J. McFADDEN, of counsel.

DAVID K. TONE and H. M. ASHTON, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This was a suit to recover damages on account of the death of appellee's intestate, Thomas Raxworthy, occasioned, as alleged in the declaration, by the negligence of appellant and his codefendant, Alexander Shand, whom the jury found not guilty. The verdict as to Shand was set aside, and the case as to him was then dismissed. This appeal is from a judgment against Heisen.

Raxworthy's death resulted from the breaking of a cable used as a guy line to the mast of a derrick, thus causing the fall of a stone that was being hoisted in the course of building construction. The derrick was used to raise cut stone into place for setting, and was owned and operated by Shand who had a contract with Heisen, the owner of the building, to do the stone-setting. The stone-cutting was done by Heisen's employees. Raxworthy was one of his stone-cutters. The stone, when drawn to the building, was unloaded between it and the sidewalk where it was cut, and then hoisted by the derrick operators into place. At the time of the accident the derrick was on the fourth floor and Raxworthy where the stone was being cut.

The declaration consists of an original and two additional counts. All are predicated on negligence in the use and permitting the use of a defective cable, described as "old, rusty, insecure and imperfect," the first count also alleging that it was "not strong enough to sustain the strain" it was subjected to. Each avers these undisputed facts: That Heisen was erecting the building; that Raxworthy was in his employ, and that Shand was the owner of the derrick and appliances, and, together with his men, operated them. The claim of joint liability rests, in the first count, on the averment that Shand and his men were under the supervision and direction of appellant in operating the derrick; in the first additional count, on the averment that they were jointly co-operating in cutting stone, hoisting and placing it in said building, and, in the second

additional count, on the averments that Shand, for a compensation paid by appellant, was engaged in hoisting and installing stone and that appellant was simultaneously engaged in chiseling and assembling it to be hoisted; that the intestate, appellant's servant, was working beneath the derrick where he was liable to be killed or injured in case the derrick cable was insufficient to withstand the strain of lifting the stone, and that these facts were known to both appellant and Shand, and not to deceased.

The agreement between Heisen and Shand was in writing and purports to have been entered into by Heisen as owner and party of the first part, and Shand as "stone-setting contractor" and party of the second part. The material parts thereof for determining the relation of the parties read: "That the party of the second part shall furnish all labor, materials, tools, derricks, power, etc., for the setting of the cut stone on the building * * * also the stone-setting contractor agrees to supply all anchors for all the cut stone set by him * * * It is understood and agreed by the owner that all stone must be fitted for the iron work by the stone-cutter contractor; also the owner agrees to furnish on the mortar boards, ready for use, all necessary mortar for stone-setting."

The contract also provides for a stipulated sum for such work, for its prompt dispatch, and that the owner may take possession and complete the work in case said contractor neglects or abandons it. A supplemental written agreement provides that Shand shall set the stone in twenty-five panels on the building providing the panel stones were delivered in front of each opening where they belonged, the cutting of stone and brick to be done by others.

The relationship between Heisen and Shand was to be determined as a matter of law from the terms of their contract (*Pioneer Fireproof Const. Co. v. Hansen,* 176 Ill. 100; *Foster v. City of Chicago,* 197 Ill. 264),

which hardly admits of any other construction than that Shand was an independent contractor to do the stone-setting, and such construction is borne out by conclusive evidence that Shand hired, paid, controlled, directed and discharged the men employed in the stone-setting, and that neither he nor they were under the direction or control of Heisen or his agents. *Pioneer Fireproof Const. Co. v. Hansen, supra.*

Shand's status being that of an independent contractor it is unnecessary to consider questions argued and that might arise if the relationship between Heisen and Shand was that of principal and agent.

Appellees claim, however, that appellant was nevertheless liable under his duty to furnish his employee a reasonably safe place to work, and the suit was tried partly on that theory. Appellant contends that he was relieved from such liability, if the injury was the result of Shand's negligence, because the latter was an independent contractor, and cites familiar cases where, in view of such a relation, the doctrine of *respondeat superior* was held not to apply. But none of these cases was a suit by a servant against his master for failure to furnish a safe place to work where both the servant and independent contractor (also alleged to be negligent) were working on a building in the master's possession and control.

It is a well-recognized principle that the duty of a master to furnish his employee a safe place to work cannot be delegated to an independent contractor, so as to relieve him from liability. 16 Am. & Eng. Encyc. of Law, 197; Bailey on Personal Injuries, vol. 1, sec. 44; *Bernheimer Bros. v. Bager,* 108 Md. 551-561. A more difficult question is the extent of the master's liability for defective instrumentalities used by independent contractors that may endanger the safety of his employees. Our attention has not been directed to a case in this State where the question has arisen upon the combination of facts here presented. But the duty of

inspection by the master has under very similar circumstances been extended in other jurisdictions to such instrumentalities. *Jas. Griffith & Sons Co. v. Brooks,* 197 Fed. 723; *Trainor v. Philadelphia & R. R. Co.,* 137 Pa. St. 148; *Gulf, C. & S. F. Ry. Co. v. Delaney,* 22 Tex. Civ. App. 427. In each of the cases referred to, the injury, as here, resulted from the falling of a derrick by reason of its being insecurely fastened, the derrick was controlled and operated by an independent contractor, the premises were in possession of and control of the owner, and the person injured or killed was an employee of the latter engaged about the premises. We are not disposed under such a combination of circumstances to question the existence of such a duty or that the employer may be liable for a breach thereof. In the present case there was evidence of possession by the employer and that his superintendent and himself were frequently around the derrick in a position to observe the character and condition of its guy rope, and thus to know of the dangers attendant upon the use of one that was defective or insufficient. There was also evidence tending to show that the defects complained of were patent.

The theory, therefore, upon which the case was tried being tenable, we will consider certain assignments of error that relate thereto, and first those relating to the admission of improper evidence.

On the question of the insufficiency of the cable to withstand the strain put upon it, appellees called witnesses to prove the tensile properties of a hard steel cable of that size, among them two who from lack of any scientific knowledge of the subject were manifestly disqualified to give an opinion on it. Objections to their testimony and the motion to strike it out as hearsay and incompetent should have been sustained; but, inasmuch as their testimony on the subject conformed to that of a competent witness whose testimony was

not contradicted or impeached, we do not regard the error in such rulings as reversible.

Appellant urges that under the statute plaintiffs suing as administrators could not call defendant Shand as a witness. It is enough to say on that point that the statute does not prevent an administrator suing a party from calling the latter as his own witness.

Appellant also urges that the judgment cannot stand against Heisen because there was a verdict of not guilty as to Shand. Regardless of the question whether a verdict alone, without a judgment thereon, could have such effect, the position is nevertheless untenable if, as in the present case, the declaration alleges a state of facts on which each defendant may be independently liable. If it was the duty of both defendants to inspect the derrick and its supports, then there is no room for this contention, nor that negligence by appellant in that respect was not the proximate cause of the injury.

Other matters discussed in the brief, namely, whether the deceased was not guilty of contributory negligence and whether the breaking of the cable was caused by hidden or latent defects, were, under the evidence, questions of fact for the jury, and we cannot say that their verdict was manifestly against the preponderance thereof.

Complaint is also made of the giving and refusing of instructions, which we shall refer to by their respective numbers.

It is urged that instruction No. 1, given at plaintiffs' request, ignored the doctrine of assumed risk, assumed the existence of facts that were disputed, singled out and gave undue prominence to certain facts, and was ambiguous and confusing.

While it is not free from objection, we do not think it contains reversible error. It directs a verdict against Heisen for plaintiffs upon certain hypotheses, including all that were essential to the issues presented

and some that were not. In the latter respect it is objectionable. It enumerates among the hypotheses joint operation by Heisen and Shand in trimming, hoisting and setting stone, and Heisen's general supervision of such work. There not being sufficient evidence to support either of these facts, they properly had no place in the instruction. But whether they existed or not, the ground of Heisen's liability was the same in either event and depended upon neither. It depended wholly on the undisputed facts of Heisen's possession of the building and the relationship of master and servant between him and deceased, and on the controverted facts whether the cable was defective as alleged and Heisen knew or ought to have known of it, and whether deceased was ignorant of it and without equal means of knowing it, and not upon Heisen's particular relations to Shand or the latter's work. We fail to see, therefore, how, inasmuch as the jury was required to find all the facts essential to Heisen's liability, he could be injured by the requirement that they find additional and unnecessary facts.

Nor do we think the instruction ignores the doctrine of assumed risk. The cases relied upon by appellant relate to an entirely different form of instruction. In this the jury were required to find that the deceased not only did not know but "in the exercise of ordinary care could not have known" of the defective condition or insufficient strength of the guy. The complaint is that it does not also require a finding that deceased did not have equal opportunity of knowing. It is manifest that if deceased had such opportunity, then he could have known of such defects. The expression that "he could not have known" necessarily implies absence of such opportunity. Similar language in declarations has been held to negative the assumption of risk, and in such cases instructions directing a verdict if plaintiff proved his case as alleged in such a declaration have been held not to ignore the assumption of risk. *Spring-*

*field Boiler & Manufacturing Co. v. Parks,* 222 Ill. 355; *James S. Kirk & Co. v. Jajko,* 224 Ill. 338; *Hagen v. Schleuter,* 236 Ill. 467; *Lake St. El. R. Co. v. Fitzgerald,* 136 Ill. App. 281.

We do not agree with appellees, however, that the question of assumed risk is not in the case, but it was properly presented to the jury in instruction No. 23, and is not ignored in the instruction under consideration.

The instruction concluded with the words "if you find all the foregoing facts from the evidence," etc. Appellant contends that the court thus assumed the existence of such facts. We do not think the jury would so understand it. It was a mere summary of the several hypotheses contained in the instruction, each of which was required to be found from the evidence.

Nor do we think the instruction properly subject to the criticism that it singles out and unduly gives prominence to certain facts. It does not come within the decisions cited on that point. With the exception of those above alluded to and held to be inconsequential, it recites only such facts as were necessary to prove under the averments of the declaration.

The objection to given instruction No. 5, which directed a verdict in case the jury found "from a preponderance of the evidence" instead of "by a preponderance of the evidence," and the objection to the given instruction No. 6, directing an assessment of damages if the jury found "the defendants or either of them was guilty of the negligence charged against them or either of them" are more hypercritical than substantial. In no event would we deem such defective expressions as sufficient ground for a reversal.

As to the refused instructions tendered by Heisen, we think neither No. 8 or 10 embodied anything pertinent to the case that was not included in other given instructions. No. 10 sought to bring before the jury as an element in the case that Heisen was not obligated

to warn decedent of open and obvious dangers. But the declaration was not predicated upon any claim to the contrary. No such question was in the case.

Refused instruction No. 13 sought to advise the jury of the obligation of deceased under the law to exercise ordinary care for his own safety and directed a verdict for Heisen if they found from the evidence that "he failed to observe the obvious conditions around him and by reason thereof was injured." The instruction though correct in theory may properly have been rejected on account of its abstract form, but it was covered by other given instructions, notably 14 and 15.

Having carefully examined the record in the light of the authorities presented on the rehearing in this case that were not before us on the original hearing, we are constrained to believe that there is no reversible error in the case and that the judgment should be affirmed.

*Affirmed.*