---

(No. 11269.—Appellate Court reversed; municipal court affirmed.)
THE BOWMAN & BULL COMPANY, Plaintiff in Error, *vs.*
GEORGE R. LINN, Defendant in Error.

*Opinion filed June 21, 1917—Rehearing denied October 3, 1917.*

1. APPEALS AND ERRORS—*when it will be presumed the Appellate Court found facts same as trial court.* Where the Appellate Court reverses a judgment without remanding and makes no finding of facts, it must be presumed that it found the facts the same as the trial court and reversed the judgment for error of law.

2. CONTRACTS—*when delay will not entitle purchaser to refuse car-load of butter.* A purchaser will not be entitled to refuse to accept a car-load of butter which has been delayed a week because the ship bringing the butter for the car was delayed by storms, where the evidence shows that time was not the essence of the contract, and where the purchaser was informed of the delay before the ship arrived but made no objection to the contract being carried out.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding.

JOHN L. PEARSON, and WALTER D. HERRICK, for plaintiff in error.

J. MARION MILLER, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, the Bowman & Bull Company, a corporation, recovered judgment in the municipal court of Chicago for $2184.39 against George R. Linn, doing business as George W. Linn & Son, defendant in error, in an action brought on a contract to recover damages caused by the refusal of defendant in error to accept a car-load of butter which he had contracted to purchase from plaintiff in error. On appeal to the Appellate Court the judgment of the municipal court was reversed without remanding. The Appellate Court made no finding of fact, and it must therefore be presumed that it found the facts the same as in the trial court and reversed the judgment for an error of law. (*Nonotuck Silk Co.* v. *Adams Express Co.* 256 Ill. 66; *Dromgold* v. *Royal Neighbors,* 261 id. 60.) The defendant in error contends that there was a finding of fact made by the Appellate Court, and quotes the language of the judgment rendered in support of this claim. The judgment is the ordinary judgment of reversal without remanding, and there is no finding of fact. It appears from the opinion of the Appellate Court that the judgment of the municipal court was reversed solely for an error of law, as it was the opinion of the Appellate Court that the trial court should have given the peremptory instruction asked to find the issues for the defendant. This holding was based on the theory that time was of the essence of the contract entered into by the parties, and that plaintiff in error violated the terms of the contract by failing to perform it within the time specified.

On December 31, 1913, the parties entered into a contract made in a telephone conversation in the city of Chicago between defendant in error and Bull, vice-president of plaintiff in error, for the purchase by defendant in error from plaintiff in error of one car-load of New Zealand creamery butter. On the same day plaintiff in error wrote

the defendant in error a letter of confirmation, as follows: "Confirming telephone conversation with your Mr. Linn this morning and sale of one car New Zealand fresh creamery, Cambridge factory, equal to sample shown .at Booth's cold storage a few days ago, 32½ f. o. b. Seattle, this butter is due to arrive in Seattle about January 7, and shipment will be made as promptly as possible after goods are discharged from the ship and have passed through the customs." On January 6, 1914, defendant in error wrote plaintiff in error shipping instructions, as follows: "The car of New Zealand butter which you expect to ship about the 9th from Seattle, would like to have it come St. Paul refrigerator freight instead of express. Please advise promptly the number, and would like to have you advise Mr. Proctor, G. F. A. St. Paul here, as soon as possible, so he can call it through." The vessel upon which this butter was shipped from New Zealand was expected to arrive in Seattle, Washington, on January 7, but was delayed by storms on the Pacific ocean and did not arrive until January 15. The usual two days were taken with unloading and with passing the cargo through the customs, and the butter was shipped on the 17th. On January 13, two days before the butter arrived and four days before it was shipped. from Seattle, defendant in error was advised by telephone of the delay. While he expressed disappointment, he admits that in this conversation he did not notify plaintiff in error that he would decline to receive the car because of the delay. The car arrived in Chicago on February 2, 1914, and in the meantime the market price of butter had declined 9½ cents per pound. Upon arrival of the butter in Chicago defendant in error refused to accept it. The butter was disposed of by plaintiff in error, and this suit was brought to recover the difference between the contract price and the proceeds arising from the sale. Defendant in error makes no contention here except that the facts were found by the Appel-

late Court and that we are concluded by the judgment of that court.

It is evident from the opinion of the Appellate Court that the chief contention in that court was that under the contract the shipment was to be made not later than January 9, and not having been made until the 17th this constituted a breach of contract on the part of plaintiff in error. In the letter to defendant in error of December 31 plaintiff in error stated that the butter was due to arrive in Seattle about January 7 and that shipment would be made as promptly as possible,—as soon as the goods had been discharged from the ship and had been passed through the customs. In his letter of January 6 giving shipping instructions the defendant in error noted that the plaintiff in error expected to ship the butter about January 9 from Seattle. Nowhere in this correspondence is it intimated that time was to be of the essence of the contract and that the butter was to be shipped not later than January 9. On the contrary, defendant in error was informed that the butter was being shipped by vessel on the Pacific ocean and the approximate date when the vessel was due to arrive in Seattle. It is a matter of common knowledge that a shipment of this kind is liable to be delayed at any time by unfavorable weather, and it is apparent that defendant in error entered into this contract fully understanding that no warranty was being made as to the exact time of shipment. After the delay had occurred he admits that he made no objection to the contract being carried out because of the delay in the arrival of the ship. Plaintiff in error complied with its contract and was entitled to recover.

The judgment of the Appellate Court is reversed and the judgment of the municipal court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*