## Samuel Cutler et al., trading as Cutler Brothers, Appellees, v. Gardiner Metal Company, Appellant.

### Gen. No. 27,300.

1. CONTRACTS—*construction as question of law.* When a contract is in writing and the extrinsic facts affecting the construction thereof are free from dispute, the proper construction is a question for the court.

2. SALES—*statements relative to shipment as warranties.* Statements of the date of shipment, or statements by the vendor that the goods sold are in transit, go to the identification of the property and are therefore in the nature of warranties, proof of the truth of which are conditions precedent to recovery for failure to accept the goods.

3. SALES—*when burden on plaintiff to show time of shipment of goods.* In a suit by the vendor of tin for failure of the vendee to accept it, on a contract containing a statement, "Shipment en route from the Pacific coast, left there June 4th, 1918," it was incumbent upon plaintiffs to show that the tin was en route when the contract was made and had left the coast on the date stated.

4. SALES—*effect of failure to show shipment according to provision of agreement.* In a suit for failure to accept tin sold under a contract stating, "Shipment arrived at the Pacific coast, per S. S. 'Rembrandt,' July 1st, and reported as having already left the coast for Chicago," a verdict for defendant should have been directed upon failure of plaintiffs to prove that, at the time the contract was made, the shipment had been reported as having left the Pacific coast.

5. APPEAL AND ERROR—*effect of request for further instruction upon right to assign refusal to direct verdict as error.* Questions whether the construction of contracts of sale was for the court and whether certain statements in the contracts were warranties were preserved by defendant's motion for an instructed verdict, and it did not waive its right to assign error on that ruling nor assume an inconsistent position by requesting other instructions favorable to it upon plaintiffs' own theory of the case.

Appeal from the Municipal Court of Chicago; the Hon. F. J. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1921. Reversed with judgment of *nil capiat.* Opinion filed June 26, 1922.

WINSTON, STRAWN & SHAW, for appellant; CHARLES

J. McFADDEN and JAMES H. CARTWRIGHT, JR., of counsel.

FRANK SCHOENFELD, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $5,856.40 entered in favor of plaintiffs upon the verdict of a jury. The suit was based on a claim for damages, on account of defendant's refusal to take and pay for two shipments of tin. The plaintiffs were a copartnership doing business in New York City, and in their transactions with defendant were represented by O. S. Trench & Company, tin brokers of that city.

The defendant was engaged in the business of manufacturing mixed metals at Chicago, Illinois. Through the broker of plaintiffs, defendant entered into two contracts for the purchase of tin. These contracts were in writing. The first was dated June 14, 1918, and thereby plaintiffs sold and defendant bought 10 tons of Chinese tin at 91 cents a pound, to be delivered at Chicago, Illinois. The contract stated: "Shipment en route from the Pacific coast, left there June 4th, 1918." The second contract was dated July 12, 1918, and thereby plaintiffs sold and defendant bought 25 tons of Banca tin at 94 cents a pound, to be delivered at Chicago, Illinois. This contract stated: "Shipment arrived at the Pacific coast, per S. S. 'Rembrandt,' July 1st, and reported as having already left the coast for Chicago."

As to the first shipment, the evidence shows without contradiction that the tin was not en route from the Pacific coast at the time the contract was made. This tin was finally tendered to the defendant in Chicago August 24, 1918. The defendant having given notice of the cancellation of the contract on August 21, 1918, refused to receive shipment. As to the sec-

ond contract, the evidence tended to show that the tin thereby sold arrived at the Pacific coast per the steamer "Rembrandt" prior to July 1, but it also tended to prove that it had not, at the time the contract was made, "already left the coast," and there is no proof in the record that this tin was "reported" as having left the coast for Chicago at or prior to that time. As a matter of fact this shipment of tin did not leave the coast until August 8, 1918. It arrived in Chicago, September 5, thereafter. This shipment the defendant also refused to receive. There was evidence for the plaintiffs tending to show that the cause of the delay in both shipments was congestion at San Francisco and unusual shipping conditions which existed at that time.

At the close of all the evidence the defendant made a motion that the jury be instructed to return a verdict in its favor, but this motion was denied and the cause was submitted to the jury, apparently on the theory that it was for the jury to say whether there had been an unreasonable delay in the shipments. The defendant argues that it was error to submit the cause to the jury. It contends that the statements in the contracts as to the condition of the shipment are warranties and in the nature of conditions precedent, which it was necessary for the plaintiffs to prove true in order to recover, and it says that the uncontradicted evidence shows that these warranties were untrue.

Moreover, it is urged that as the contracts were in writing, and the extrinsic facts affecting the construction of the same were free from dispute, the proper construction thereof was a question for the court and not for the jury. This is the well-settled rule of law as announced in *Rosenbaum Bros. v. Devine*, 271 Ill. 354, and *Foster v. City of Chicago*, 197 Ill. 264.

We think it must also be held to be the settled law that statements of the date of shipment, or statements by the vendor to the effect that the goods sold are in

transit, go to the identification of the property, and are therefore in the nature of warranties, proof of the truth of which are conditions precedent to recovery. *Gorrissen v. Ferrin,* 140 Eng. Rep. 583; *Stock v. Towle,* 97 Me. 408; *Clark v. Fay,* 121 N. Y. 470; *Connell Bros. Co. v. Diederichsen & Co.,* 213 Fed. 737. The same rule has been stated in this State in a case where it was, however, held not applicable to the particular facts there appearing. *Coyne v. Avery,* 189 Ill. 378.

Nor is any contrary rule laid down in *Bowman & Bull Co. v. Linn,* 279 Ill. 397, as plaintiffs seem to suppose.

The rule seems to be entirely reasonable, and has commended itself to the courts. We think it was for plaintiffs to show as to the first shipment that the tin was en route from the Pacific coast, and had left there on June 4, 1918, as stated in the contract. There was no evidence tending to show this was true. On the contrary, the undisputed evidence showed it was not true, and we think the verdict of the jury, which the appellant says is not intelligible, shows that the jury did not allow any damages to plaintiffs on account of that shipment.

But we also think it was for the plaintiffs to show, as to the second shipment, that the Banca tin was "reported" to have left the Pacific coast at the time the contract was made, and that, having failed to prove this, the instruction to find for the defendant should have been given.

Plaintiffs argue that defendant is estopped to assert either that the construction of the contract was for the court, or that the provisions of the contracts with respect to the time of departure of the goods from the Pacific coast were warranties, because certain instructions were requested by defendant recognizing plaintiffs' theory, that they were matters of fact for the jury. Plaintiffs say the defendant cannot try its case on one theory in the trial court and argue

it on a different theory in this court. That rule has no application to the facts appearing in this record. The questions argued are preserved by the motion of defendant for an instructed verdict, and the ruling of the court thereon, and it did not waive its right to assign error on this ruling of the court by requesting other instructions which were favorable to it upon plaintiffs' own theory. Nor did it take an inconsistent position in so doing.

We think the undisputed evidence shows plaintiffs breached the warranties of the written contracts, that in both shipments the tin offered at Chicago was not the tin which plaintiffs agreed to sell, and that the instruction for the defendant should therefore have been given. The judgment of the trial court is therefore reversed, and judgment of *nil capiat* entered here.

*Reversed with judgment of nil capiat.*

McSurely, P. J., and Dever, J., concur.