Catherine Hartley, Defendant in Error, v. Red Ball Transit Company, Plaintiff in Error.

Gen. No. 34,193.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed December 1, 1930. Rehearing denied December 15, 1930.

CHURCH, HAFT, ROBERTSON & CROWE, for plaintiff in error; BURT A. CROWE, of counsel.

PHILIP ROSENTHAL, for defendant in error; STUART B. KROHN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant seeks to have reversed a judgment against it for $65,000 entered upon the verdict of a jury in an action wherein plaintiff seeks compensation for injuries received when she was struck by a motor truck alleged to have been owned and operated by defendant.

Defendant filed a plea of general issue and special pleas denying ownership, operation and control of the truck in question. It was conceded upon the trial that the defendant did not own the truck, so that the issue, aside from the question of the negligence of the respective parties causing the accident, was whether defendant operated and controlled the vehicle. Its claim was that the truck was operated by and under the control of Thomas Burke, the driver at the time of the accident, and that his relation to defendant was that of an independent contractor.

As we have concluded that the erroneous and irregular manner in which the case was tried requires us to send it back for retrial, we shall say nothing about the accident itself.

There was a written contract between defendant and Thomas Burke purporting to fix the relationship between them, in which there was a provision that Burke

was not at any time an employee or agent of defendant, but that in moving and transferring shipments he was an independent contractor. It has been repeatedly held that under such conditions whether one engaged in performing work under such a written contract is an independent contractor, is a question of law to be determined by the court in construing the contract. *Pioneer Fireproof Const. Co. v. Hansen,* 176 Ill. 100; *Connolly v. People's Gas Light & Coke Co.,* 260 Ill. 162; *Rosenbaum Bros. v. Devine,* 271 Ill. 354; *Raxworthy v. Heisen,* 191 Ill. App. 457, affirmed in 274 Ill. 398; *Shannon v. Nightingale,* 321 Ill. 168; *Cutler v. Gardiner Metal Co.,* 225 Ill. App. 497; and many other cases.

In violation of this rule this contract went to the jury for construction, together with a mass of more or less irrelevant testimony touching the methods of the parties in conducting their business. Objections were made by defendant to the introduction of such evidence and motions were made to strike on the ground that the written contract covered and controlled the facts to which the witnesses testified. Such objections and motions were overruled and the court sent to the jury all of the evidence including the contract without construing it or ruling upon the admissibility of the evidence with reference to its materiality or relevancy to the written contract.

The manner in which plaintiff's attorneys presented her case tended to produce this confusion. After introducing their evidence as to the accident, it was sufficient for them to have shown that the truck in question bore the name of the defendant, thus making out a prima facie case of ownership, and it was for the defendant to overcome this presumption, if possible, by producing its written contract and such other evidence as it desired, which the plaintiff could attack in rebuttal.

We are not holding that the written contract is conclusive. Any act or conduct on the part of a defendant inconsistent with the defense presented is generally admissible in evidence and is proper to be considered by a jury. Even though such evidence may have but a slight bearing upon the issue, it is not thereby rendered incompetent, but only its weight is affected.

The construction of the written contract between defendant and Thomas Burke was a question of law for the court, and if the court was of the opinion that it established the relationship of an independent contractor and not that of a servant and agent, it should have instructed the jury to this effect; but if there was any competent evidence tending to contradict this defense, the jury should have been further advised that such contract was not conclusive as to the relation of the parties. In so holding, we are following what seems to us the very sensible suggestion contained in the opinion in *Vacker v. Yeager*, 151 Ill. App. 144.

Complaint is made as to the rulings on evidence and remarks of the court upon the trial. Such errors, if any, will not likely occur upon the next trial.

It is claimed that the damages are excessive and that the large amount of the verdict, $65,000, was induced by the improper examination of one of defendant's witnesses, W. B. Hiner. There is some substance in this point. The verdict is obviously large, but at the same time there was evidence tending to show that plaintiff suffered serious injuries. We do not pass upon the amount of the verdict, as upon the second trial there may be a different amount allowed.

For the reason above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Matchett, P. J., and O'Connor, J., concur.