THE RIVERSIDE COAL COMPANY *vs.* THE ELMAN COAL COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Submitted on briefs January 8th—decided March 8th, 1932.

*Nathan A. Schatz* and *Louis M. Schatz,* for the appellant (defendant).

*Theodore V. Meyer,* for the appellee (plaintiff).

AVERY, J. From the finding, it appears that the plaintiff is a wholesale dealer and importer of coal and other fuels, with its principal place of business in Worcester, Massachusetts; the defendant a retail dealer in coal, with a place of business in Hartford, Connecticut. January 29th, 1926, the plaintiff's salesman called on the defendant at Hartford, and took from the defendant an oral order for two cars of Scotch coke. At that time, a strike in the anthracite coal fields of national proportions was in force, and it was not then known when the strike would be settled. It did, in fact, terminate about February 15th of that year.

. The salesman entered the order on a slip, and immediately transmitted it to the plaintiff at Worcester. The order slip stated that two cars of Scotch coke from boat New Haven were to be shipped to defendant at Hartford; price $12 a net ton, f.o.b. cars Belle Dock. No time of delivery was stated. At the time of receiving the order, the salesman represented that the coke would arrive at New Haven about February 15th, 1926. January 30th, 1926, plaintiff sent the defendant by mail a confirmation of the order, which was received in due course by the defendant. The confirmation stated that the order was subject to no cancellation by either party, and that the coke was to be "shipped from boat to be named later due about Feb. 20th" and that the shipment was subject to car

supply, labor trouble, embargo and conditions beyond the control of the seller. Thereafter, there was no communication between the parties in regard to the transaction until February 18th, 1926, after the strike had terminated, when defendant telephoned and wrote the plaintiff that unless the coke was delivered by February 25th, he would consider the order canceled. Defendant's order was to be filled by delivery of coke by the Steamship Graigwen, the charter party for which was dated February 1st, 1926. Four days were spent in loading the steamship, and it sailed from Scotland February 12th, 1926. The running time in normal weather from Glasgow to New Haven for the vessel was about twelve days. Due to exceptionally stormy weather, the voyage consumed twenty-two days and seventeen hours, and the Graigwen arrived at New Haven March 7th, 1926. March 8th, the unloading of the vessel was started, and March 11th, two cars of coke were loaded and shipped to the defendant. They reached the defendant at Hartford March 16th, and were rejected by him. The delay in the arrival of the vessel at New Haven was due wholly to causes beyond the plaintiff's control.

Upon these facts, the trial court concluded that the contract between the parties was stated in the confirmation, and that the plaintiff had fully performed its obligations under the contract with all reasonable dispatch, and was entitled to recover the contract price for the coke.

The appellant claims that the court erred in reaching these conclusions and also claims certain corrections of the finding. An examination of the evidence, however, satisfies us that the defendant is entitled to no correction of the finding by which his position will be advantaged. The order in this case was verbal and was taken by the plaintiff's salesman. It nowhere

appears in the finding that the authority of the sales-man was otherwise than to receive orders. Unless his authority to make contracts is shown, no contract came into existence until the order was accepted by the principal. 1 Williston, Contracts, § 90, p. 155; *Bauman* v. *McManus,* 75 Kan. 106, 89 Pac. 15, 10 L. R. A. (N. S.) 1138, 1140. The confirmation con-tained provisions not embodied in the order and was, in effect, a counter-proposal. *Lloyd & Elliott, Inc.* v. *Parke,* 114 Conn. 12, 13, 157 Atl. 272. That this con-firmation was accepted by the buyer as stating the terms of the contract appears from the defendant's let-ters of February 24th and March 1st, 1926, respec-tively, in the first of which the defendant stated that when the order was given to the plaintiff's salesman, the latter stated that the coke would arrive at New Haven about February 15th, but when the plaintiff "confirmed this order, the arrival date was about February 20th. We have allowed you five days and if this shipment arrives by then, we will accept same;" and from the letter of March 1st, it appears that the five days additional allowed by the defendant meant that they would accept it if delivered by the 25th.

It is admitted in the pleadings that at the time the contract was made, both parties understood that the coke was to be shipped by steamer from Scotland, to arrive via Belle Dock, New Haven. By the terms of the confirmation, the coke was to be loaded on cars at New Haven about February 20th, the sale being "sub-ject to conditions beyond our control." The arrival date of the vessel at New Haven, stated in the con-firmation "about February 20th," cannot be construed as requiring that it should arrive on or before that date, but would be met if it arrived within a time after that date reasonable in view of all the circumstances. *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343,

346, 71 Atl. 358. And in determining what would be a reasonable time thereafter, the ordinary delays and uncertainties of transportation of a vessel at that time of the year would be proper considerations. *Sanders* v. *Munson,* 74 Fed. 649, 651; *The Alert,* 61 Fed. 504, 505; *Bowman & Bull Co.* v. *Linn,* 279 Ill. 397, 117 N. E. 61, 62. The further provision, that the sale was "subject to conditions beyond our control," must be construed as intended to include the unusual conditions which were encountered by the vessel transporting the coal, the exceptionally stormy weather that prolonged the voyage from one usually taking twelve days to one which took almost twenty-three days.

There is no error.

In this opinion the other judges concurred.